## BARBER *v.* STATE.

Opinion delivered November 24, 1930.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. This appeal is from a judgment sentencing appellant to a term of twenty-one years in the penitentiary for murder in the second degree, committed by killing Maurice Osborne.

It was the theory of the State that appellant had conspired with Osborne's wife to commit the homicide, and the revolting details of the crime are set out in the opinion of this court affirming the judgment of conviction against Mrs. Osborne, the wife of the deceased, for her participation in the crime. *Osborne v. State,* 181 Ark. 661, 27 S. W. (2d) 783.

Among other errors assigned for the reversal of the judgment is that the testimony is not sufficient to support the verdict. This assignment of error would be fully answered if the testimony in the former case were set out, all of which was offered at the trial from which this appeal comes. There is, in addition to that testimony, the admission of appellant upon his own trial that he shot and killed Osborne, although he claimed that the killing was done in self-defense, a theory which the jury did not believe. There was also the additional testimony of Mrs. Osborne to the effect that appellant had previously stated that he intended to kill Osborne, and that he would do so "to get shed of him."

No brief has been filed on behalf of appellant, but we have considered all of the errors assigned in the motion for a new trial, none of which appears to be of sufficient importance to require extended discussion.

One of these errors is that it was error to offer in evidence the gun with which appellant admitted he had shot Osborne, for the reason that its condition was not the same as it was when found. This was a proper and a very damaging bit of evidence, as it tended to rebut the theory of self-defense. It furnished an explanation of the cut found in the back of deceased's head, the inference being fair and reasonable that, after shooting de-

ceased once in the face and twice in the back, the gun had then been used as a club, and that it was wielded with such force for that purpose as to break the gun, it being found near the body. The witness who identified the gun detailed the only difference between the then condition of the gun and its condition at the time it was found, this being that some of the wooden pieces which were hanging on to the stock had fallen off. It is competent always to offer in evidence the instrument used in causing death, where it is clearly identified, as was done here.

Objection was made to the testimony of Mrs. Osborne to the effect that appellant had said the night before the killing, that he intended to kill deceased. When this objection is stated, it is answered, as its admissibility is obvious.

It is assigned as error that the court refused to permit W. B. Minard to state whether appellant's reputation for being truthful was good or bad. The witness had testified that appellant's reputation for being peaceful and law-abiding was good. But appellant had not then testified as a witness, and no attempt had been made to impeach his reputation or veracity. However, it appears that the court, after so ruling, offered to permit the introduction of testimony on the question of appellant's veracity.

Peter Fowler testified on behalf of appellant that appellant was a fine shot with a gun, the purpose of the testimony being, no doubt, to show that, had appellant desired to kill Osborne, three shots would not have been required for that purpose. Upon the cross-examination of the witness he was asked: "You don't know what kind of shot J. P. (appellant) would make leveling down a man and the man coming in home with J. P. trying to kill him, do you?" to which question the witness answered: "No, sir." We see no error in this question, as its effect was to inquire whether one's markmanship might be affected by the character of his target and re-

lated to an opinion which the witness had expressed in response to a question propounded to him by appellant's counsel. It was invited error, if error at all, but we think there could have been no prejudice, especially when the witness gave a negative answer to the question.

Appellant admitted the identity of the gun, and that he had thrown it down on the floor after shooting Osborne, but he stated: "I don't know how hard I threw it down." He was then asked: "Did you throw it down on the floor hard enough to break it?" when the judge remarked, "He said he didn't know how hard he threw it," but when the question was repeated the court permitted appellant to answer it, after first excluding it, and he stated: "If it hits right it would break it. I judge it is according to the way it hit the floor."

The only other assignment of error relates to the refusal of the court to require Mrs. Osborne to state why she and her husband went back to the toilet when he first entered the house. No attempt was made to explain the relevancy of this testimony, and we do not see how any prejudice could have resulted from its exclusion.

Upon a consideration of the whole case, we find no error in the record, and the judgment must be affirmed, and it is so ordered.