Roger MORGAN *v.* STATE of Arkansas

CR 88-60                                              757 S.W.2d 530

Supreme Court of Arkansas
Opinion delivered October 3, 1988

*Douglas, Hewett and Shock*, by: *J. Randolph Shock*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order denying relief under A.R.Cr.P. 37. We affirm.

Roger Morgan pled guilty to eleven separate felony counts on October 17, 1986. His sentence was ten years imprisonment with five years suspended. After he was imprisoned, he filed a document which he called a "petition for writ of error coram nobis and/or motion to vacate and set aside." The trial court treated this document as a petition for relief under Rule 37, appointed

present counsel, and ordered a hearing.

The petition alleged three grounds for relief. First, Morgan said he had ineffective assistance of counsel because his court appointed attorney, after his appointment, had sat as a special municipal judge in his case involving various minor charges, and, while acting in this capacity, had indicated that Morgan was going to be convicted and sentenced to Cummins on the felony counts; second, the arrest warrant was invalid for lack of probable cause; and third, in view of our decision in *Mayfield* v. *State*, 293 Ark. 216, 736 S.W.2d 12 (1987), his conviction should be set aside.

On September 4, 1986, Morgan was arrested for theft by receiving of an automobile stolen in Oklahoma. Within a few days Morgan confessed to the remaining crimes he was ultimately charged with: a burglary and theft of property charge for a crime that had occurred on September 12, four counts of breaking or entering and four more corresponding theft of property charges for crimes that had occurred on July 17, August 20 and August 27. All of the offenses took place in Crawford County, Arkansas.

Morgan was arraigned on the theft by receiving charge on September 11, 1986, and the court appointed Robert Marquette to represent him. Marquette was not present in court. The other felony charges were filed and served on Morgan on September 16.

On September 12 Morgan appeared in municipal court for some minor charges unrelated to his felony charges. The judge that day was Robert Marquette because the regular municipal judge was campaigning for office.

At the Rule 37 hearing, Morgan testified that the prosecuting attorney said at the municipal court proceeding that he intended to see that Morgan got some prison time on the pending felony charges, and that the prosecuting attorney told Marquette at that time Marquette had been appointed to represent Morgan.

Morgan pled guilty to the various offenses and Marquette fined him $179.25. Morgan said Marquette told the clerk Morgan could begin to pay his fines after he got out of Cummins. Morgan signed a "time payment card" which had the written notation that Morgan would pay fines beginning "when he gets out of Cummins."

Marquette denied having made the statement about Cummins, and the municipal clerk said that the custom was for the defendant to make arrangements in the back of the courtroom how fines would be paid. Morgan mentioned none of the alleged conflicts of interest when he pled guilty in circuit court on October 17, 1986.

In fact he was very certain of what he was going to receive. After the court had read all the charges and what the sentences would be and there had been some discussion on the sentence, the following exchange occurred:

The Court: These are all to run concurrent. Costs will be waived. He'll be given credit for his jail time. Now, do you understand that you'll eventually be released from the Department of Correction, and at that time, your five-year-suspended sentence will start, do you understand that?

Morgan: Yes, sir. Can I ask a question?

The Court: Yes.

Morgan: All this, you just read off, when I go to prison, I'll have a fifteen-year sentence with ten suspended?

The Court: Five suspended.

Morgan: I mean five suspended.

The Court: You'll have ten years to serve.

Morgan: Yes, sir.

The Court: You'll have six years to serve on the D Felonies; you'll have ten years to serve on the C Felonies and the B. Felonies.

Morgan: When do I do the six years?

Marquette: Well, they all run at the same time.

Morgan: All right.

| | |
|---|---|
| The Court: | Do you understand they run along at the same time, they're concurrent; if they were consecutive, you'd add them altogether; if they're concurrent, you do not. |
| Morgan: | Okay. |
| The Court: | I thought you understood that. |
| Morgan: | I did, but I didn't understand it, the way you read it, though. |
| The Court: | You do understand it, now? |
| Morgan: | Yes, sir. |

* * * *

| | |
|---|---|
| The Court: | Any questions about what we've done, here, Mr. Morgan? |
| Morgan: | No, sir. |
| The Court: | You're pleading guilty because you're guilty, as charged, is that correct? |
| Morgan: | Yes, sir. |

At Morgan's Rule 37 hearing, he brought up several matters outside the allegations in his petition. He said that certain promises were made with respect to pending charges in Oklahoma. He testified that either the prosecutor or his deputy said that if he got time in Arkansas he would not get any time in Oklahoma regarding the stolen car. After he was transported to prison, he learned that Oklahoma had indeed placed a detainer on him. He testified he had pled guilty to a theft charge in Oklahoma and received a five year sentence in the summer of 1987. He said he had counsel.

He also testified that Marquette was not prepared to go to trial and was ineffective. When asked what he wanted the trial court to do, Morgan said:

Morgan:         I'm asking that a five year term be reduced from my sentence, here in Arkansas, The Department of Corrections.

The Court:      And you're asking that, basically, the remainder of your sentence be reduced to time served?

Morgan:         Yes, sir.

Morgan asks the same of us on appeal, although, alternatively, he asks for a new trial.

The trial judge made specific findings of fact on the disputed testimony. He found that the defendant was properly advised of his rights before he voluntarily made incriminating statements and that the arrest warrant was valid because the arrest was made based on probable cause; and, in any event, these contentions were waived by Morgan upon entry of his guilty pleas. He also entered findings that even though the letter appointing Marquette was mailed on September 11, 1986, Marquette was not aware of the appointment until after he presided as special judge on September 12; additionally, Morgan never raised this issue at his plea hearing.

Other findings were entered that there was no credible evidence presented that Marquette had anything to do with the filling out of the "time payment card", and the fact that Marquette had sat as a special municipal judge and later was Morgan's attorney did not amount to a conflict of interests which would make counsel ineffective in representing the defendant. The court's 16th finding deserves repeating:

> [T]he evidence reflects that the defendant, from the moment he first consulted with his court appointed attorney, never intended to fight this case on the merits of guilt or innocence. The cases were to be dealt with on the basis of the best sentence he could get.

Morgan has at least two prior convictions and was not charged as a habitual criminal although he could have been.

On appeal Morgan advances five arguments for reversal. First, he contends that the court was wrong to treat his petition as

one for Rule 37 relief. He argues that it was factually impossible for him to have committed the burglary and theft on September 12, 1986, because he was in jail that day. It was the trial judge, not Morgan or his counsel, who discovered this discrepancy. During examination of Morgan, the judge asked:

Q.  You got arrested on September the fourth and, then some of these charges say you committed an offense on September the twelfth, do you think that's a wrong date or what, Mr. Morgan? It says on or about the twelfth day of September, 1986, on the Burglary and Theft of Property, which was the Hinds Carney place, I don't know what kind of place that is, it says on or about September the twelfth, do you think that's the wrong date or there or what, or did you actually get out of jail after you were first put in?

A.  No, sir.

Q.  You did not get out?

A.  No, sir.

Morgan's petition did not mention this fact. He offered no evidence he was not guilty. The judge found this inconsistency during his examination of Morgan. Morgan said he was in jail on the 12th; nothing more was said, either by the state or by Morgan about whether this was a mistaken date or wrong charge. It was not until summation that counsel broached this argument.

The judge obviously did not put any stock in Morgan's testimony and since his petition contained no reference to this conflict and the petition was not amended to make this argument, it was not proper to bring it up. The judge did not bother to include any reference to it in his findings. During Morgan's testimony, he did not state he was not guilty of any of these offenses. Indeed, he has not denied his guilt to any of the charges.

We have repeatedly held that a conviction based on a guilty plea is difficult to overturn, because prejudice is difficult to prove. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 895 (1984). We do not consider matters outside the scope of the petition. *Wiser v. State*, 256 Ark. 921, 511 S.W.2d 178 (1974). Further, the appellant did not properly abstract the record so that this

question could be resolved, and we had to go to the record to accurately state what happened in this regard.

■ The second argument is based on the conflict of interest which his court appointed attorney may have had. This was raised in his petition. In the judge's findings of fact, he directly laid this matter to rest, resolving the factual dispute against Morgan. The mere fact that his court appointed attorney was sitting that day on some unrelated charges would not render him ineffective. The court found that Marquette did not say what Morgan said he did. He also found Marquette did not even know he had been appointed to represent Morgan at that time. It is for the trial court to weigh the evidence and resolve the credibility of witnesses. *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986).

■ The third argument is that Morgan's statements should have been suppressed. This also was not a question raised in the petition; the petition asserted that the warrant was invalid because it was issued by the clerk, not the court, which was the matter addressed in *Fairchild* v. *Lockhart*, 675 F. Supp. 469 (E.D. Ark. 1987). Morgan argues in his petition that his arrest was illegal and the conviction should be set aside; on appeal he argues his confession was invalid. This is a different argument and we do not address it. In *Hendrix* v. *State*, 291 Ark. 134, 722 S.W.2d 596 (1987), we held an issue not raised in a petition for post-conviction relief is considered waived on appeal.

The fourth argument is that counsel was ineffective because he did not advise Morgan of the possible defenses or range of sentences to the charges. There is no mention of this in the petition, and we will not consider it on appeal.

Finally, the question of a lack of a factual basis for a guilty plea is raised. This question was not raised in the petition.

The trial court found that from the beginning Morgan sought to get as little prison time as possible. He had served time in both the Arkansas and Louisiana penitentiaries. He was not charged as a habitual criminal as he could have been. At the request of his family his counsel obtained an evaluation of his mental state.

Affirmed.