Robert ASHBY *v.* STATE of Arkansas

CR 88-98                                                761 S.W.2d 912

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Sexton Law Firm, P.A.,* by: *Sam Sexton III,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the denial of a Rule 37 petition by the Sebastian County Circuit Court. For reversal the appellant argues that the trial court erred in determining that there was a factual basis for the court to have accepted the appellant's plea of nolo contendere. The record reveals that a factual basis for the plea was indeed established before its acceptance by the trial court. The decision of the trial

court is therefore affirmed.

On July 9, 1987, the appellant entered a plea of nolo contendere to charges of robbery and theft of property. He was sentenced to a term of twenty years in the Arkansas Department of Correction with five years suspended. The appellant subsequently filed a petition with the circuit court in which he sought to have his nolo contendere plea set aside, alleging that there was not a factual basis for the acceptance of the plea by the trial court.

On March 16, 1988, the trial court conducted a hearing on appellant's motion for post-conviction relief. It is admitted by the parties that the court did make an inquiry into the factual basis for the appellant's plea of nolo contendere. At the time of the entry of the plea the court inquired of appellant's attorney (not the attorney for this appeal) whether there was a factual basis for the court to accept the plea and the attorney responded in the affirmative. The deputy prosecutor was then called upon to give the court the factual basis for the charges. The deputy prosecutor then recited facts to the court which, if proven, would without question have supported a conviction on the charges. After the factual basis to support acceptance of the plea was presented to the court, the court addressed the appellant as follows:

> COURT: Are you contesting those facts? Are you saying they are not true?
>
> MR. ASHBY: No, sir, I am not saying they are not true and I am not saying they are true. I don't know.

The appellant admitted in open court, at the time of the entry of his plea, that he had been with a co-defendant on the night of the crime. He further admitted that he was aware what witnesses had said about his participation in the crime, and that if the witnesses testified at trial and were believed, that their testimony would constitute sufficient evidence to support a conviction.

■ The appellant's argument primarily is that the factual basis to support the acceptance of a plea of nolo contendere must come from the accused personally. In support of this argument the appellant relies upon A.R.Cr.P. Rule 24.6 and several Arkansas cases including *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986); *Reed* v. *State*, 276 Ark. 318, 635 S.W.2d 472 (1982); and *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980).

Rule 24.6 provides:

> The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

We have many times held that this rule is mandatory upon the trial court. See *Jones* v. *State*, supra. However, substantial compliance is all that is required. *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977).

In *Jones* we commented:

> Although we find the trial court in substantial compliance with Rule 24.6, this court has observed a growing trend among trial judges to make casual and indirect inquiry as to the factual basis for pleas. Inasmuch as Rule 24.5 requires the trial court to address the defendant personally to determine whether or not any force or threats, or any promises apart from the plea agreement were used to induce the plea, the trial court could, and should, comply with Rule 24.6 by *continuing a direct inquiry* of the defendant as to the factual basis for his plea. This would, for all practical purposes, eliminate problems of compliance with this rule requiring inquiry as to the factual basis for a plea.

288 Ark. at 380.

Rule 24.6 applies to either a guilty plea or a plea of nolo contendere. No distinction is made between the two in this rule. Unlike Rule 24.5, which requires that the court address the defendant personally before accepting a plea, Rule 24.6 only requires that the court shall make "such inquiry as will establish that there is a factual basis for the plea." We have held that the factual basis to support the plea does not have to come from the accused himself. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987). We stated in *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986):

> We have held, and we continue to hold, that compliance with Rule 24 is mandatory. [Citations omitted.] In *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977), we held that substantial compliance was sufficient. In that

case the prosecutor stated the details of the crimes to the court, but our opinion points out:

> The judge determined, by inquiring of appellant himself, that appellant knew that he was waiving his right to a jury trial, was voluntarily entering a guilty plea to the charges, and was in fact guilty and that he knew that the judge was not bound to accept the terms of the plea bargain.

> Here there was no substantial compliance, as the court did not inquire of the appellant whether he was in fact guilty.

*McDaniel* held that an inquiry by the court of the prosecutor whether there is a basis for the charge against the accused does not standing alone satisfy the requirements of Rule 24.6. However, it did not hold that the prosecutor may not supply the factual basis for a guilty plea provided the defendant personally admits to the court that he did in fact do the things recited to the court in his presence.

Our most recent case concerning the requirement that the trial court establish a factual basis before accepting a guilty plea is *Furr* v. *State*, 297 Ark. 233, 761 S.W.2d 160 (1988). There we stated:

> A factual basis requires the existence of sufficient evidence from which a judge may fairly conclude that a defendant could be convicted if he chose to stand trial. . . . A factual basis is most commonly established by inquiry of the accused, of the prosecutor and an examination of the presentence report. . . . Significantly, Rule 24.6, unlike Rule 24.4 and Rule 24.5, contains no requirement that the accused be addressed personally by the trial judge in determining the factual basis for a guilty plea. . . . The evident purpose of the factual basis requirement is to prevent an accused from unwittingly pleading guilty on the mistaken assumption that his conduct was unlawful unless in fact it was not.

In *Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987), we considered the standard which a trial court must use in order to establish a factual basis for a plea of nolo contendere. We stated: "The record from the plea hearing and the post-conviction

hearing establish that there was a factual basis for the pleas and there was sufficient evidence from which the trial court could conclude that appellant would be found guilty if he elected to proceed to trial." The opinion stated that in the future the rationale utilized in *McDaniel* v. *State*, supra, would be applicable to pleas of nolo contendere. We specifically suggested in *Snelgrove* that "[a]fter the prosecutor makes a proffer of the facts which he would prove, the judge can ask the accused: 'Are these the facts which you do not contest?' "

The record clearly demonstrates in the present case that the accused "did not contest" the facts which were presented to the court, and admitted that these facts would sustain a conviction had the appellant elected to go to trial. The record is clear that the appellant knew that he was waiving a jury trial and the right to appeal and that he knew the range of penalties. Furthermore, he knew what the recommendation of the prosecutor would be regarding his sentence. The appellant's only argument is that he did not know whether the facts were true or not. Appellant stated that his lack of knowledge was based upon the fact that he had been drunk for two years.

■ Trial courts are required to treat a plea of nolo contendere the same as if it were a plea of guilty. See Rule 24.6. There is no distinction in the factual inquiry required for acceptance of a guilty plea and a plea of nolo contendere. After all, the purpose of making a factual inquiry, from whatever source, is to be certain that the accused could be found guilty of the offense and is not entering his plea based upon a misunderstanding of the law. The evidence is abundant in the present appeal that there was a factual basis for the acceptance of the plea of nolo contendere.

Affirmed.

HICKMAN, J., concurs.