Robert KNEE *v.* STATE of Arkansas

CR 88-7                                        760 S.W.2d 874

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Johnny L. Nichols*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the trial court's denial of appellant's Rule 37 petition for post-conviction relief. The sole issue before us on appeal is whether a factual basis under A.R.Cr.P. Rule 24.6 was established for appellant's guilty plea.

We affirm the trial court's finding that a factual basis was established for the appellant's guilty plea at the Rule 37 hearing.

Appellant was charged with aggravated robbery, theft of property, kidnapping and rape. After his arrest, the appellant gave a statement to the police confessing that he entered a convenient mart armed with a gun and robbed the store. After the clerk gave him the money, the appellant also admitted forcing the clerk to leave and accompany him to his house. Appellant's statement reflects that he refused to talk to the police about the rape which was alleged to have occurred at his house. However, the clerk's statements to her examining doctor and to the investigating police officer revealed that the appellant threatened the clerk with a knife and then raped her with his fingers and hand. The doctor's report further revealed that the victim suffered several lacerations in her vagina, which caused severe bleeding. Pursuant to a plea agreement, the appellant pleaded guilty to all charges and received the following sentences to run concurrently: forty years for aggravated robbery, ten years for theft of property, forty years for kidnapping, and life for rape.

In accordance with A.R.Cr.P. Rule 24.6, a trial judge before entering judgment upon a guilty plea must make inquiry as to whether there is a factual basis for the plea. Here, both parties concede that a factual basis was not established by the trial judge at the plea hearing. However, this court has stated numerous times that if the factual basis for the plea is not sufficiently established at the plea hearing, it may be established at the Rule 37 hearing where the factual basis is determined to have existed at the time of the guilty plea. *See, e.g., Muck* v. *State*, 292 Ark. 310, 730 S.W.2d 214 (1987). We further note that the requirement of a factual basis for a plea does not require that the appellant be proven guilty but merely that there was sufficient evidence from which the trial court could conclude that the appellant would be found guilty if he elected to proceed to trial. *See Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987).

Appellant argues that the trial court failed to establish the necessary factual basis for his guilty plea at the Rule 37 hearing.[1]

---

[1] Appellant confessed to the other charges against him, so on appeal he challenges only the factual basis for the rape charge.

At that hearing, Ricky Riggs, a police officer, testified about his interview with the victim and her statements about the rape. The trial court considered the examining physician's report, which was attached to appellant's Rule 37 petition and submitted into evidence. That report contained not only a medical description of the extent of the victim's injuries, but also the victim's statements about the rape.

The appellant objected below, and argues on appeal, that the officer's testimony and doctor's statement were hearsay and therefore inadmissible. We recently have rejected such an argument. *See Flaherty* v. *State*, 297 Ark. 198, 761 S.W.2d 167 (1988); *Muck*, 292 Ark. 310, 730 S.W.2d 214. In sum, this court has held that testimony or statements such as those present here are admissible since they are not introduced to prove the truth of the matter stated, but only to show that if the defendant (appellant) stood trial there was evidence from which the trial court could conclude that he was guilty.

For the reasons stated above, we affirm.