John W. PARKS *v.* STATE of Arkansas

CR 89-180                                      785 S.W.2d 213

Supreme Court of Arkansas
Opinion delivered March 12, 1990

*Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This case is an appeal from the denial of a petition for relief filed pursuant to Ark. R. Crim. P. 37. We affirm.

Appellant, John W. Parks, pleaded guilty to aggravated robbery and theft of property with a value of $2500 or more. He was sentenced to twenty-five years, with eight years suspended, on the aggravated robbery charge and seventeen years on the theft of property charge, the sentences to run concurrently. Subsequently, Parks filed a Rule 37 petition alleging that his pleas were made without effective assistance of counsel.

An evidentiary hearing was held. During the hearing, counsel for Parks orally amended his petition to include an allegation that his pleas should be set aside because the court failed to ask him whether there was a factual basis for the pleas and because there was no factual basis for the pleas. The court denied Parks' petition, finding that counsel was effective and that there was a factual basis for his pleas.

Parks contends that he entered his pleas of guilty without effective assistance of counsel in that counsel did not (1) file a motion to suppress a statement made by him to police, which he alleges was given after he was promised leniency; (2) file a motion for discovery; (3) advise him or discuss potential witnesses with him; (4) prepare him for trial; (5) investigate the case; and (6) explore the possibility of either an insanity defense or the possibility of using his mental condition as a mitigating factor.

A petitioner has the burden of overcoming the strong presumption that his counsel was competent. *Rheuark* v. *State*, 299 Ark. 243, 771 S.W.2d 777 (1989); *Pettit* v. *State*, 296 Ark. 423, 758 S.W.2d 1 (1988). To prove ineffective assistance of counsel, a petitioner must show that (1) his attorney made so serious an error that he was not functioning as the "counsel" guaranteed by the sixth amendment and that (2) his counsel's

deficient performance was so prejudicial as to deprive the defendant of a fair trial. *Strickland* v. *Washington,* 466 U.S. 668 (1984).

The *Strickland* standard has been made applicable to challenges to guilty pleas based upon ineffective assistance of counsel. *Hill* v. *Lockhart,* 474 U.S. 52 (1985). In order to satisfy the prejudice requirement of *Strickland,* a defendant who pleads guilty must demonstrate but for counsel's errors, he would not have done so. *Furr* v. *State,* 297 Ark. 233, 761 S.W.2d 160 (1988). As this court stated in *Crockett* v. *State,* 282 Ark. 582, 669 S.W.2d 896 (1984), "A defendant whose conviction is based upon a plea of guilty normally will have difficulty proving any prejudice since his plea rests upon his admission in open court that he did the act with which he is charged."

Parks has shown neither serious errors or that he would not have pleaded guilty but for counsel's alleged errors. In fact, he concedes that he cannot "pinpoint" one error that was definitely prejudicial, but asserts that his counsel's overall performance was ineffective. We do not recognize cumulative error in allegations of ineffective assistance of counsel. *Isom* v. *State,* 284 Ark. 426, 682 S.W.2d 755 (1985).

In sum, the appellant has failed to meet the heavy burden of proving ineffective assistance of counsel. *Strickland, supra.*

Parks also contends that the trial court erred in failing to question him as to whether there was a factual basis for his pleas; and in not establishing a factual basis for his pleas because (1) the court was given the incorrect information that the victim of the robbery charge and the theft of property charge was the same person and (2) because the State did not prove that the value of the stolen automobile was $2500 or more in support of the charge of theft of property.

Ark. R. Crim. P. 24.6 provides that "[t]he court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish a factual basis for the plea."

A factual basis requires the existence of sufficient facts from which a judge may fairly conclude that a defendant could be convicted if he stood trial. *Furr, supra. See also Smith* v. *State,* 291 Ark. 496, 725 S.W.2d 849 (1987). The purpose of the factual

basis requirement is to prevent an accused from pleading guilty on the mistaken assumption that his conduct was unlawful when it was not. *Furr, supra.*

A factual basis is most commonly established by inquiry of the accused and of the prosecutor and by an examination of the presentence report. *Id.* However, Rule 24.6 does not require that the factual basis come from the accused himself or that he be addressed personally. *Ashby* v. *State*, 297 Ark. 315, 761 S.W.2d 912 (1988); *Flaherty* v. *State*, 297 Ark. 198, 761 S.W.2d 167 (1988). Moreover, the factual basis can be supplied at a Rule 37 hearing. *Knee* v. *State*, 297 Ark. 346, 760 S.W.2d 874 (1988).

In *Smith, supra*, we held that a factual basis was established by the prosecutor's recital of the underlying facts of the crime with which the defendant was charged and the defendant's admission of guilt.

At the plea hearing in the case at bar, the following exchange occurred:

> The Court: You're charged with Aggravated Robbery, a Class Y Felony, and Theft of Property, a Class B Felony:
>
> That on the 7th day of December 1987, you did unlawfully and feloniously and with the purpose of committing a theft and resisting apprehension immediately thereafter, did employ or threaten to employ physical force while armed with a deadly weapon.
>
> Count II: Did unlawfully and feloniously take unauthorized control over property of more than twenty-five hundred dollars, belonging to another, with the purpose to deprive the true owner of the value thereof. Do you understand both charges?
>
> Mr. Parks: Yes.
>
> . . .
>
> The Court: How do you plead to the charge of Aggravated Robbery, a Class Y Felony, and Theft of Property, a Class B Felony, guilty or not guilty?
>
> Mr. Parks: Guilty.

. . .

The Court: Factual basis for the plea on both counts, Mr. Marquette (defense counsel)?

Mr. Marquette: Yes, Your Honor.

Mr. Evitts (prosecutor): Yes, there is, Your Honor. On December 7th, 1987, Mr. Parks entered a cafe at Natural Dam, Arkansas, and at shotgun point took a sum of money and some cigarettes from the owners of the cafe and subsequently left the cafe and took an automobile, which was parked in front of the cafe, and drove off with it. He was apprehended some hours later.

. . .

The Court: Are you pleading guilty because you're guilty as charged?

Parks: Yes.

At the Rule 37 hearing, one of the victims identified Parks as the person who robbed him at his cafe and stole a car belonging to a customer. Parks' confession was also admitted into evidence.

We quickly dispose of Parks' first contention that there was no factual basis in that the trial court was given the incorrect information that the victim of the robbery charge and the theft of property charge was the same person. At the Rule 37 hearing, Ransford Hopkins, the owner of the cafe that Parks robbed, testified that he was the victim of the aggravated robbery and that a customer was the victim of the theft of property. This cured any deficiency at the plea hearing.

Parks' second assertion is that there was no factual basis established for his plea to theft of property in that the State did not prove that the value of the automobile stolen was $2500 or more. It has no merit. Granted, there was no proof by the State as to the automobile's value. However, the State did not have an obligation to prove the automobile's value or any other specific element of the offense charged. What was required was that the underlying facts of the crime be recited and that the defendant admit his guilt. *Smith, supra.*

The trial judge advised Parks at the plea hearing that he

was charged with theft of property with a value over $2500, and Parks indicated that he understood the charge and admitted that he was guilty. Both his counsel and the prosecuting attorney stated to the court that there was a factual basis for the plea, which was recited into the record by the prosecuting attorney. Parks again admitted he was guilty as charged.

At the Rule 37 hearing, Ransford Hopkins identified Parks as the person who robbed him and stole a customer's automobile, and Parks' confession was admitted into evidence. Moreover, neither Parks nor his counsel alleged below or allege on appeal that the value of the automobile was less than $2500. They merely describe the automobile as being in poor condition.

Under all of the circumstances, we find that a sufficient factual basis was established. *See Smith, supra; Gibson* v. *State*, 301 Ark. 44, 781 S.W.2d 469 (1989); *Furr, supra; Ashby, supra.*

Affirmed.

DUDLEY and NEWBERN, JJ., concur in part and dissent in part.

PRICE, J., not participating.

ROBERT H. DUDLEY, Justice, concurring in part; dissenting in part. I wholly concur with that part of the majority opinion which denies relief on the plea of guilty for aggravated robbery. However, I dissent from that part which denies relief from the plea of guilty for theft of property having a value of $2,500.00 or more. I would order the trial court to set aside the guilty plea and give the appellant a trial on the charge of theft of property having a value of $2,500.00 or more. The reason is simple: a trial court "shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish a factual basis for the plea." A.R.Cr.P. Rule 24.6. That was not done on this conviction.

A factual basis may be established either by addressing the accused, defense counsel, the prosecutor, or all three. *Furr* v. *State*, 297 Ark. 233, 761 S.W.2d 160 (1988). The requirement of a factual basis for a plea does not require that the defendant be proven guilty, but merely that there is sufficient evidence from which the trial court can conclude that the defendant would be

found guilty if he elected to proceed to trial. *Knee* v. *State*, 297 Ark. 346, 760 S.W.2d 874 (1988).

In this case the factual basis should have shown that appellant took unauthorized control over the property of someone else, with the intent to deprive that other person of his property, and that the property had a value of $2,500.00 or more. Ark. Code Ann. § 5-36-103 (Supp. 1989). As can be seen by reading the majority opinion, the value of the property was not discussed by either the accused, the defense counsel, or the prosecutor. Thus, a factual basis for the value of the property taken was not established.

The only mention of the value was by the judge when he read the charge and the appellant pleaded guilty. If the majority intends to hold this is sufficient, then mere arraignment of a defendant becomes sufficient, and the requirement by the Rules of Criminal Procedure for a factual basis has been eliminated. Such a holding in inappropriate. A.R.Cr.P. Rule 24.6 serves a valid purpose. *See A.B.A. Standards for Criminal Justice*, No. 14-16. Further, and most importantly, compliance with the rule would give finality to guilty pleas, and if anything ought to be clear-cut and final, it is a guilty plea. Accordingly, I dissent.

NEWBERN, J., joins in this dissent.