Zealous Allen JONES *v.* STATE of Arkansas

CR 91-134                                                    826 S.W.2d 233

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Tim A. Womack, P.A.*, by: *Tim A. Womack*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged with first degree murder, pleaded not guilty, was given a jury trial, and was found guilty of second degree murder. He retained new counsel and filed a motion for a new trial in which he alleged ineffective assistance of trial counsel pursuant to A.R.Cr.P. Rule 36.4, which has been superseded by Rule 37.1. The trial court denied his motion for a new trial. He appeals from both the judgment of conviction and the denial of the motion for a new trial. There is no merit in either appeal.

## I.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), appellant's new counsel has filed a motion asking to be relieved as counsel and, in the motion, states that there is no merit in the direct appeal of the judgment of conviction. Appellant was notified of his right to file a *pro se* brief within thirty days. *See* Rule 11(h) of the Rules of the Supreme Court and Court of Appeals. He did not respond. The State concurs that the direct appeal has no merit.

■ Appellant's trial attorney challenged the sufficiency of the evidence at the close of the State's case, but failed to renew the motion at the close of all the evidence. Thus, the issue of the sufficiency of the evidence was waived. A.R.Cr.P. Rule 36.21(b); *Sanders v. State*, 305 Ark. 112, 805 S.W.2d 953 (1991).

■■ Appellant's trial attorney moved for a continuance three days before the trial and stated that he had not been able to examine the ballistics reports and the medical examiner's report and that the medical examiner was not available for questioning about his report. The trial court denied the motion. A trial court's denial of a motion for a continuance will not be reversed absent a clear abuse of discretion, and appellant has the burden of proof in showing the abuse of discretion. *Gillie v. State*, 305 Ark. 296, 808 S.W.2d 320 (1991). Appellant has not met this burden. The record reflects that he was not prejudiced because his attorney received the reports and had an opportunity to review them before trial.

■ Defense counsel objected to the admission of photographs of the victim at the crime scene. It would unduly lengthen this opinion to describe each of the photographs. It is sufficient to state that the photographs show the nature and extent of the wounds. The trial court did not err in admitting them. *Williams* v. *State*, 300 Ark. 84, 776 S.W.2d 359 (1989).

■■ Defense counsel also objected to the admission of the murder weapon and the shells spent from it. The decision to admit physical evidence is discretionary with the trial court and will be upheld absent an abuse of that discretion. *Ferrell* v. *State*, 305 Ark. 511, 810 S.W.2d 29 (1991). The murder weapon, if clearly identified, is competent evidence in a prosecution for homicide. *Barber* v. *State*, 182 Ark. 738, 32 S.W.2d 619 (1930). There is no dispute that the weapon introduced at trial was the weapon the appellant used, nor is there any dispute that the shells were spent from it. The trial court did not abuse its discretion in admitting into evidence the murder weapon and its spent shells.

We grant the motion of appellant's new attorney and affirm the judgment of conviction and relieve the attorney from further representation of appellant in that part of the case.

## II.

■ Appellant secondly contends that the trial court erred in denying his motion for a new trial on the ground of ineffective assistance of counsel. A claim of ineffective assistance of counsel must be examined in light of the criteria set out in *Strickland* v. *Washington*, 466 U.S. 668 (1984). Those criteria require a showing that counsel's performance was so deficient, and that counsel made an error so serious, that he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the Constitution; and the deficient performance must have resulted in prejudice so pronounced that it deprived the petitioner of a fair trial whose outcome can be relied on as just. *Finely* v. *State*, 295 Ark. 357, 363-64, 748 S.W.2d 643, 646 (1988). Under the second part of the *Strickland* standard, a defendant must show that there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. *Duncan* v. *State*, 304 Ark. 311, 802 S.W.2d 917 (1991).

■ Appellant argues that his trial counsel made four errors

that were so serious they deprived him of a fair trial. First, he argues that his counsel had constructive notice of the existence of a video tape that showed the crime scene on the day of the murder, but counsel failed to discover it. The tape shows the victim lying on his back with a pool of blood to the left of his head, which would indicate that either he moved or was moved after appellant shot him in the back. Appellant contends that the tape corroborates his testimony that he and the victim were wrestling on the ground, with the victim on top, when he shot the victim. However, other evidence at the trial corroborated that part of appellant's version of the fray. One of the State's witnesses testified that the victim was on top of appellant when appellant shot him, and he then rolled off the top of appellant. Also, a photograph of the victim at the crime scene shows blood to the left of his head which indicates that either he moved or was moved after he was shot. Thus, appellant has not shown that there is a reasonable probability that, but for counsel's error in failing to discover the video tape, the outcome of the trial would have been different.

Second, appellant contends that his trial counsel was ineffective in failing to timely file a motion for a continuance. He contends that if the motion had been timely filed and granted, he would have had additional time for plea bargaining. We could summarily end this argument by stating that there is nothing in the record to indicate that the motion for a continuance was denied because it was not timely filed. However, in addition, appellant's attorney testified that the State made a plea offer of eight years, which the appellant rejected, and the appellant admitted that just before the trial he was told by his attorney that the victim's family wanted a trial and the prosecutor said there would be no further plea negotiations.

Third, appellant argues that his trial counsel failed to engage in timely plea negotiations and failed to communicate a plea offer to him. The decision on whether to enter into plea negotiations is a matter of strategy beyond the purview of post-conviction relief. *Lomax* v. *State*, 285 Ark. 440, 688 S.W.2d 283 (1985). Furthermore, appellant has not shown that there is a reasonable probability that the outcome of the proceeding would have been any different if counsel had earlier entered into plea negotiations, since the prosecutor offered to recommend a sentence of eight years if the appellant would plead guilty, and

appellant rejected it. Further, appellant admitted that just before trial his counsel told him that the prosecutor said there would be no further plea negotiations.

Appellant's trial attorney testified that he told appellant about the State's offer of eight years, and appellant rejected the offer. Appellant contends that the offer was never communicated to him, and therefore a new trial should be granted. Conflicts in the testimony are for the factfinder to resolve, and the factfinder is not required to believe the testimony of any witness, especially the defendant, who is an interested party. *Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987).

Fourth, appellant argues that trial counsel failed to call a witness from the medical examiner's office. Appellant did not raise this claim in his motion for a new trial but, instead, made the allegation for the first time at the post-trial hearing. The trial court did not rule on the issue. On appeal, we will not consider matters which are outside the scope of the petition for post-conviction relief. *Morgan* v. *State*, 296 Ark. 370, 757 S.W.2d 530 (1988). Further, the failure to call the witness did not affect the outcome of the trial.

Appellant argues that the errors of trial counsel, considered cumulatively, so prejudiced him that he was denied a fair trial. We do not recognize cumulative error in allegations of ineffective assistance of counsel. *Parks* v. *State*, 301 Ark. 513, 785 S.W.2d 213 (1990). We affirm the trial court's denial of appellant's motion for a new trial.

Affirmed on direct and post-conviction appeals.