Jeffrey L. O'CONNOR, a/k/a Jeffery Lynn O'Connor *v.*
STATE of Arkansas

CR 05-1057                                   238 S.W.3d 104

Supreme Court of Arkansas
Opinion delivered June 29, 2006

*Jeff Rosenzweig,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Clayton K. Hodges,* Ass't Att'y Gen., for appellee.

PER CURIAM. A judgment and commitment order entered November 15, 2004, reflects that appellant Jeffrey L. O'Connor, also known as Jeffery Lynn O'Connor, entered a plea of guilty or *nolo contendere* to two counts of rape and was sentenced to an aggregate sentence of 168 months' imprisonment. Another judgment entered the same day confirms that the plea accepted by the trial court was *nolo contendere* or no contest.

Appellant timely filed in the trial court a petition for postconviction relief under Ark. R. Crim. P. 37.1, alleging that he was entitled to relief because the trial court did not establish a factual basis for the plea, which appellant claimed violated his right to due process, and also because he received ineffective assistance of counsel. Following a hearing on the petition, the trial court entered an order denying the petition. The trial court found that appellant had waived his claim of ineffective assistance at the hearing and that there had been substantial compliance with Ark. R. Crim. P. 24.6 on the issue of the factual basis. Appellant now brings this appeal of that order denying postconviction relief.

Under our standard of review for a proceeding on a Rule 37.1 petition, this court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Here, appellant asserts that he was entitled to relief because the prosecution presented the factual basis for the plea to the court, and appellant was never asked whether he agreed with the merits of those allegations. Appellant points out that he did question that recitation of facts and that there was a discussion between the court, appellant, and defense counsel concerning his right to challenge the evidence that would have been presented at trial. Appellant contends that there was no substantial compliance with Ark. R. Crim. P. 24.6 and his right to due process was thereby violated because he, personally or through counsel, had not stated either that he agreed with the recited facts, or that he did not contest the stated facts.

The State argues that appellant's claim is not cognizable in a Rule 37.1 proceeding because it is a direct attack on the plea and is not fundamental error sufficient to render the judgment void. Alternatively, the State argues that the claim is without merit in that there was substantial compliance with Rule 24.6 because the trial court advised appellant it would accept the factual basis presented by the State if those facts were sufficient to establish the charges. While appellant contends that the State may not raise the argument that the claim here is not cognizable on appeal as it was not raised below, the case cited in support of that proposition, *State v. Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991), is not analogous. In *Watson*, the State, as appellant, attempted to couch an issue not raised below as a jurisdictional question on appeal. We determined that the issue was not, in fact, a question of jurisdiction.

Whether a claim is cognizable in a Rule 37.1 proceeding is similar to a jurisdictional issue, and we may raise the question *sua sponte*. The question of whether the trial court acted in excess of its authority becomes a matter of subject-matter jurisdiction and may be raised *sua sponte*. *See Gavin v. State*, 354 Ark. 425, 125 S.W.3d 189 (2003) (question of whether or not trial court had

jurisdiction to modify sentence). The State is not then prohibited from raising the issue on appeal; it is not a matter of a point not preserved for review.

It is true that a trial court's failure to establish a factual basis for a guilty plea, in itself, is not so basic as to render a judgment of conviction a complete nullity. *Jeffers v. State*, 301 Ark. 590, 786 S.W.2d 114 (1990). Yet, as appellant contends, this court has appropriately considered questions relating to the factual basis for a plea in the context of Rule 37.1 proceedings. *See Pardue v. State*, 363 Ark. 567, 215 S.W.3d 650 (2005) (*per curiam*); *Parks v. State*, 301 Ark. 513, 785 S.W.2d 213 (1990); *Knee v. State*, 297 Ark. 346, 760 S.W.2d 874 (1988); *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988). A failure to comply with the procedural requirements of Rule 24.6 during the plea proceedings is not fundamental error so as to void the judgment, unless, as we noted in *Pardue*, that failure is such that the result was the plea was not entered intelligently and voluntarily. A claim that might otherwise be a direct attack on the verdict may be cognizable to the extent it indicates ineffective assistance of counsel. So, too, a claim of faulty procedure in the taking of a plea may be cognizable to the extent that it shows that the plea was not intelligently and voluntarily entered.

In *Pardue*, the appellant unsuccessfully argued that his failure to assent to the factual basis for the charges provided by the prosecutor at the plea hearing, in conjunction with other factors the appellant alleged, brought into question his capacity to enter a voluntary and knowing plea and required us to set aside his guilty plea. The appellant in *Pardue* further argued that his sentence was void because the prosecution had failed to present a factual basis for habitual criminal enhancement. We affirmed the trial court's denial of postconviction relief because there was substantial compliance and no indication that the failure resulted in a plea that was not intelligently and voluntarily entered.

Here, appellant does not assert that his plea was not intelligently and voluntarily entered as a result of the alleged failure to comply with Rule 24.6. Nor does he claim that the factual basis asserted by the prosecution was not adequate to establish the charges or that appellant did not, in fact, understand what the evidence was that would have been presented at trial. He contends only that there was no substantial compliance with Rule 24.6 because the trial court did not inquire or receive confirmation that

appellant agreed with the evidence as presented by the prosecution. However, appellant misconstrues the purpose of Rule 24.6, in addition to failing to show how any error in the procedure during the plea hearing resulted in the type of fundamental error that is cognizable in a Rule 37.1 proceeding.

The requirement of a factual basis for a plea does not require that the appellant be proven guilty, but merely that there was sufficient evidence from which the trial court could conclude that the appellant would be found guilty if he elected to proceed to trial. *Knee*, 297 Ark. at 347, 760 S.W.2d at 875. A factual basis may be established by addressing the accused, the defense counsel, the prosecutor, or all three. *Furr*, 297 Ark. at 237, 761 S.W.2d at 162; *see also Bolt v. State*, 314 Ark. 387, 862 S.W.2d 841 (1993) (discussing *Furr* as analogous to waiver of jury trial). The purpose of the factual basis requirement is to prevent an accused from pleading guilty on the mistaken assumption that his conduct was unlawful when it was not. *Parks*, 301 Ark. at 515, 785 S.W.2d at 215 (citing *Furr*).

Appellant entered a plea of *nolo contendere*, and accordingly, he was not required to admit his guilt or that he committed the acts alleged by the prosecution in order to demonstrate knowledge that his conduct was unlawful. To satisfy the requirements of the rule, the trial court only had to determine that the prosecution could present sufficient evidence for a conviction in order to determine that there was substantial compliance with Rule 24.6, not that the defendant was in accord or agreement with that evidence. It was simply not necessary, under those circumstances, for appellant, who entered a plea of *nolo contendere*, to admit that he committed the acts as described.

Nor is it necessary that a defendant personally and fully understand how each element of the charge is satisfied by the evidence, so long as the trial court can determine that the defendant and his trial counsel have not mistakenly determined that those elements are satisfied. Even had appellant stated a cognizable claim, we cannot say that the trial court was clearly erroneous in holding that there was substantial compliance with Rule 24.6. Accordingly, we affirm the denial of postconviction relief.

Affirmed.