## Joe Willie REED *v.* STATE of Arkansas

CR 82-17                                         635 S.W.2d 472

Supreme Court of Arkansas
Opinion delivered June 14, 1982
[Rehearing denied July 19, 1982.]

*Robert B. Wellenberger,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was arrested September 27, 1977, on charges of rape, burglary, and theft of property. The next day an information charging him with these offenses was filed, and he was arraigned. Shortly before his arraignment, he was appointed counsel. Following a brief consultation with his attorney, he entered a guilty plea to the three charges, pursuant to a negotiated plea, and was sentenced to 30 years for rape and 10 years on each of the other charges. The sentences were to run concurrently.

On May 15, 1980, appellant initiated proceedings for postconviction relief pursuant to A. R. Cr. P., Rule 37, Ark. Stat. Ann. Vol. 4A (Repl. 1977). He alleged, *inter alia*, that his sentence was imposed in violation of A. R. Cr. P., Rule 24 and, therefore, his plea was not voluntarily nor intelligently made. After an evidentiary hearing, the court, in written findings of fact and conclusions of law, found to the contrary and denied relief. The court concluded any deficiencies in the September 28, 1977, plea proceeding were supplied at the postconviction relief hearing. Hence this appeal.

We need only to consider appellant's contention, through present appointed counsel, that the court erred in finding his guilty plea was entered voluntarily, knowingly, and intelligently. He argues that the judgment was imposed in violation of A. R. Cr. P., Rules 24.4, 24.5, 24.6 and 24.7, which provide:

Rule 24.4 in pertinent part:
The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally, informing him of and determining that he understands:
(a) the nature of the charge;
(b) the mandatory minimum sentence, if any, on the charge;
(c) the maximum possible sentence on the charge, including that possible from consecutive sentences;
. . . .

Rule 24.5:

The court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. The court shall determine whether the tendered plea is the result of a plea agreement. If it is, the court shall require that the agreement be stated. The court shall also address the defendant personally and determine whether any force or threats, or any promises apart from a plea agreement, were used to induce the plea.

Rule 24.6:

The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

Rule 24.7:

The court shall cause a verbatim record of the proceedings at which a defendant enters a plea of guilty or nolo contendere to be made and preserved.

We are hampered in our review of this matter as the court reporter was unable to supply the court with a record of the September 28, 1977, proceeding which is required by Rule 24.7. In the absence of the required record, the state has the burden of proving the plea was voluntarily and intelligently entered. *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980); and *Deason* v. *State*, 263 Ark. 56, 562 S.W.2d 79 (1978). We will not reverse the findings of the trial court unless clearly against the preponderance of the evidence. *Mitchell* v. *State*, 271 Ark. 512, 609 S.W.2d 333 (1980).

Here, the state introduced the court's docket. However, it merely reflected the appointment of counsel to represent appellant and to advise him of his rights to a trial by jury and counsel; that the trial court read the charge to the appellant and again explained his rights to which the defendant stated that he understood them following which he pled guilty to the charges and received the sentences of 30 years for rape, 10 years for burglary and 10 years for theft, the sentences to run concurrently. The appointed attorney, who represented the

appellant when he pled guilty, testified that when he was appointed on the day of arraignment he reviewed the investigating officers' file, talked with them and conferred with and explained to appellant the possibilities of conviction upon a jury trial, including the range of sentences. The appellant had signed a confession to the crimes charged, the attorney was convinced that the confession was voluntary, and that appellant had committed the alleged offenses. He did not remember asking the appellant about prior convictions or possibilities of parole. He did not discuss the crimes of burglary or theft except as to additional punishment. Appellant appeared coherent, although he was upset, afraid and didn't know what might happen to him. He never complained about any coercion. The court "pretty well left everything" to him as appointed counsel "to advise him of his rights and so on." He did not remember the questions the trial judge asked the appellant but stated: "He [the court] didn't go into details of the event. He merely arraigned the defendant again . . . he asked him if he pled guilty or not guilty . . . . " The prosecutor then made a recommendation as to the sentence and the trial judge "didn't hesitate and rendered judgment right then, and wrote it in the docket." The trial judge did not ask the appellant anything about the voluntariness of his plea nor the factual basis.

The state's evidence clearly shows that the trial judge, upon accepting appellant's plea of guilty, failed to comply with our rules. We have said that compliance with Rule 24.6 is mandatory. *Irons* v. *State, supra.* Rule 24.5, which requires that the trial judge himself ascertain whether a plea of guilty is voluntary, is mandatory. *McGee* v. *State,* 262 Ark. 473, 557 S.W.2d 885 (1977); *Irons* v. *State, supra;* see also *Boykin* v. *Alabama,* 395 U.S. 238 (1969); and *Byler* v. *State,* 257 Ark. 15, 513 S.W.2d 801 (1974). It is the duty and responsibility of the trial court to determine beyond doubt that a plea of guilty is voluntary, and in order to do so, he should inquire of the defendant personally, substantial compliance being sufficient. *Simmons* v. *State,* 265 Ark. 48, 578 S.W.2d 12 (1979). However, reversal is not mandated where the deficiencies in the proceeding are supplied at a postconviction hearing. *Deason* v. *State, supra.* See *Byler* v. *State, supra.*

Here, on the record presented, when we view the totality of the circumstances, we cannot say with confidence that the state has met its burden of showing that the plea of guilty was voluntarily and intelligently entered.

The judgment of the trial court is reversed and remanded with directions to vacate the sentences imposed and for further proceedings against the appellant as may be appropriate.

Reversed and remanded.