Alvin FLAHERTY, Lonnie Flurry, and Glenn Sexton
*v.* STATE of Arkansas

CR 88-69                                     761 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*J. Randolph Shock*, for appellant Lonnie Flurry; *John R. VanWinkle*, for appellant Alvin Flaherty; and *Gary D. Person*, for appellant Glenn Sexton.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. We affirm this appeal from an order denying relief under A.R.Cr.P. Rule 37.

The three appellants were charged with capital murder in the shooting death of Wayne Lanier. On January 29, 1986, they pled guilty to the reduced charge of first degree murder and each received a forty year sentence.

In 1987 they filed petitions for postconviction relief, asserting numerous reasons for setting aside their pleas. The issues we deal with are whether a factual basis existed for the guilty pleas, whether the pleas were voluntary, and whether Glenn Sexton was denied effective assistance of counsel. After a hearing, the trial court denied the relief requested. We affirm.

It is significant that the appellants put on no evidence at all to support their petitions. The record of the plea hearing reflects that the court asked the prosecutor what evidence the state had against the three defendants. He also asked the appellants' attorneys if a factual basis existed and they replied that it did. But the appellants claim the court failed to comply with A.R.Cr.P. Rule 24.6 since they were not asked if they were pleading guilty because they were in fact guilty.

As we point out in *Furr* v. *State*, decided this same date, the better practice is to ask the accused if he committed the acts with which he is charged. But failure to do so will not automatically result in setting aside a guilty plea. A.R.Cr.P. Rule 24.6

contains no requirement that the accused be addressed personally.

■ A factual basis for the guilty pleas can be supplied at the Rule 37 hearing. *Branham* v. *State*, 292 Ark. 355, 730 S.W.2d 226 (1987). At the Rule 37 proceeding in this case, the state introduced the written statement of a witness to the crime, Charles Henson. The statement clearly implicated all three appellants.

■ The appellants objected to the use of Henson's statement claiming it was hearsay. They misunderstand a Rule 37 hearing. It is not a trial. The petitioners have the burden of proof—not the state. The petitioners offered no proof. Actually, Henson's statement was not hearsay; it was not presented to show the truth of Henson's accusations. It was presented to show that had the defendants stood trial, evidence was available to convict them. A.R.E. Rule 801(c). All the defendants knew of Henson's statement and it affected their decision to plead guilty. We uphold the trial judge's finding that a factual basis existed.

■ The trial judge must also determine if the plea is voluntary. He must ask the defendant whether any force or threats, or any promises, apart from the plea bargain, were used to induce the plea. A.R.Cr.P. Rule 24.5. But substantial compliance with the rule is all that is necessary. If there are deficiencies in the record of the plea hearing, they can be remedied at the Rule 37 hearing. *Reed* v. *State*, 276 Ark. 318, 635 S.W.2d 472 (1982).

At the sentencing hearing, the judge asked the defendants if they understood the nature of the charges against them and the terms of the plea bargain. Each answered yes. Before entering their pleas in court, each defendant had also signed a plea statement in which it was asked, "Are you entering your plea of guilty on your own free will and accord without anyone causing you to do so on account of any promises or threats?" All signed the statement, answering yes. At the hearing, the judge asked the men if they understood the statements and had discussed them with their attorneys. Again, they answered yes. None of this was refuted at the Rule 37 hearing.

In *Simmons* v. *State*, 265 Ark. 48, 578 S.W.2d 12 (1979), the plea statement and the appellant's acknowledgment that he

understood the charges and the plea arrangement were sufficient to show the plea was voluntary. There is an even stronger case against these petitioners.

First, the three attorneys for the petitioners, all experienced lawyers, said their initial strategy was to attack the weaknesses in the state's case. But when the Charles Henson statement came to light, the strategy changed and the appellants decided to plead guilty to a reduced charge. They said that Henson's statement and the desire to avoid the death penalty inspired the guilty pleas.

■ The burden was on the petitioners to prove their allegations for postconviction relief, and we will not overturn the trial court's finding unless it is clearly wrong. *Branham* v. *State, supra; Robbins* v. *State*, 288 Ark. 311, 705 S.W.2d 6 (1986). Considering the lack of evidence presented by the appellants, we cannot say the trial court's ruling was wrong.

■ Finally we consider appellant Sexton's allegation of ineffective assistance of counsel. He has the burden of showing a reasonable probability that, but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *Hill* v. *Lockhart*, 474 U.S. 52 (1985); *Garmon* v. *State*, 290 Ark. 371, 719 S.W.2d 699 (1986).

Sexton claimed his attorney, Franklin Wilder, was ineffective for a number of reasons. But again, he offered no evidence.

Wilder denied that he had failed to discuss the case with his client or to file motions on his behalf. He said he had talked with Sexton numerous times and filed several motions in preparation for trial. He also filed motions to secure medical treatment for Sexton who was suffering from tuberculosis.

Sexton claimed he was erroneously told his entire criminal record, including convictions more than ten years old, could be introduced into evidence should he go to trial. Wilder denied this but noted they discussed the prosecution's possible use of more recent convictions. Wilder also denied he misinformed Sexton on parole eligibility.

Sexton claimed that Wilder failed to explain the habitual offender act to him but does not say how this affected his decision to plead rather than go to trial. The same is true of the allegation

that Wilder did not understand the plea was made to first degree murder rather than capital murder. Wilder admitted he thought the charge was still capital murder. But Sexton has not shown what bearing this had on his decision to plead.

The assertion that all the attorneys worked together rather than pursuing the interest of their individual clients is not borne out by Wilder's testimony or that of the other lawyers. Sexton claims Wilder failed to check on Charles Henson's availability to testify at trial. There is nothing in the record to indicate Wilder had any reason to believe Henson would be unavailable.

Affirmed.

PURTLE, DUDLEY and NEWBERN, JJ., dissent. See dissenting opinion in *Furr* v. *State*, No. CR 87-42, decided this date.