David Preston PARDUE *v.* STATE of Arkansas

CR 04-703                                                    215 S.W.3d 650

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*Larry R. Froelich* and *George D. Oleson*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

P ER CURIAM. A judgment and commitment order entered March 7, 2003, reflects that David Preston Pardue entered a negotiated plea of guilty to two counts of aggravated assault and one count of aggravated robbery and received a sentence of 144 months on each of the assault counts and 132 months on the robbery count. The sentences on the assault counts were to be served consecutively, and the robbery sentence was to be served concurrently with those counts. Pardue filed a *pro se* petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which was subsequently amended, once by Pardue *pro se* and later by counsel on Pardue's behalf. The petition was denied by written order following a hearing.

At the postconviction-relief hearing, appellant Pardue waived the arguments in his *pro se* petition asserting ineffective assistance of counsel. Counsel's arguments presented at the hearing asserted appellant lacked the capacity to intelligently and voluntarily enter a guilty plea, or that the pleading procedure was defective. Appellant raises four points for reversal: (1) use of prescription medications rendered his plea invalid; (2) his plea was not knowing and voluntary because the conditions were not clearly stated and assented to on the record; (3) his plea was void

because he was not asked and did not assent to the factual basis; (4) sentencing as a habitual offender should be void because the state failed to charge appellant as a habitual offender or because the trial court failed to fully advise appellant or require a factual basis.

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002). A petitioner may qualify for relief under Ark. R. Crim. P. 37.1, regardless of trial counsel's performance, if he demonstrates error so fundamental as to render the judgment of conviction void and subject to collateral attack. *Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001).

Appellant argues the conviction should be void because his guilty plea was not voluntarily and intelligently entered due to the fact that he was taking a number of prescription drugs at the time. In his first point, appellant contends that the trial court had a duty to inquire further following appellant's disclosure that he was taking prescription drugs and that appellant demonstrated actual effects from the use of those drugs.

Rule 24.5 of the Arkansas Rules of Criminal Procedure requires the trial court to determine that a plea is voluntary prior to accepting a guilty or nolo contendere plea. The rule further requires the trial court to determine if the tendered plea is the result of a plea agreement, and if it is, to require that the agreement be stated. The rule is mandatory. *Reed v. State*, 276 Ark. 318, 635 S.W.2d 472 (1982). It is the duty and responsibility of the trial court to determine beyond doubt that a plea of guilty is voluntary, and in order to do so, the court should inquire of the defendant personally, substantial compliance being sufficient. *Id.* at 321, 635 S.W.2d at 474. Reversal is not mandated where deficiencies in the proceeding are supplied at a postconviction hearing. *Id.* Further inquiry is necessary when, and only when, a court has reason to doubt the defendant's competence. *See Godinez v. Moran*, 509 U.S. 389 (1993).

Here, the trial court did question appellant during the plea hearing as to the voluntariness of his decision and asked if the appellant was under any medication. When appellant responded,

the trial court interrupted to ask whether the medication appellant was taking, or any treatment appellant was receiving, affected his ability to understand the proceedings. Appellant responded, without reservation, that they did not and also responded to his own counsel's question that he had agreed to the plea agreement knowingly and soberly.

Furthermore, appellant's psychiatric evaluation indicated he was competent and did not have a mental defect. The diagnosis for his mental disorder was malingering. The psychologist who testified concerning the sedating effects of the drugs was not able to say how or whether the drugs did, in fact, affect the appellant. Appellant does not point to any evidence in the transcript of the plea hearing that would indicate he was confused or that he did not understand the proceedings. We cannot conclude the trial court erred by determining the appellant was competent. While the trial court may not have waited to hear all of the drugs appellant was taking, the judge did question appellant sufficiently to observe his demeanor and did inquire concerning the effects of the drugs and any treatment. *See Pettit v. State*, 296 Ark. 423, 758 S.W.2d 1 (1988).

Appellant further asserts under this point that the order denying postconviction relief did not specify sufficient facts upon which to base the holding. The court's order specifically referenced the diagnosis of malingering in the competency report and found the defendant did not lack the capacity to voluntarily waive his rights during the plea hearing. While not directly stated, it is clear that the trial court simply did not believe the appellant's testimony that the medication had incapacitated him, and that the trial court did not find that the appellant's manner and conduct during the plea hearing raised any doubt concerning appellant's competency. The trial court is in the best position to resolve any conflicts in testimony. *Snelgrove v. State*, 292 Ark. 116, 728 S.W.2d 497 (1987). The judge at a postconviction-relief hearing is not required to believe the testimony of any witness, particularly that of the accused. *Skeels v. State*, 300 Ark. 285, 779 S.W.2d 146 (1989). For these reasons, we are satisfied the plea here was voluntary.

In his second point, appellant contends that the conditions of the plea agreement were not clearly stated and assented to on the

record, as Rule 24.5 requires. He again points to evidence of impaired mental capacity, even if not to the level of incompetence, as a factor.

Appellant further contends that the trial court stated an incorrect sentence range on the record. He adds that the discussion during the plea hearing concerning the plea agreement focused on "down time" of eight years, which he argues casts doubt upon whether the plea was voluntary and upon the terms of the agreement.

As already discussed, the trial court was not obligated to accept the evidence of impaired mental capacity. In addition, while the sentencing range for each charge stated by the court during the plea hearing did not reflect the enhancement for habitual criminal status, it did indicate appellant could receive a sentence of life imprisonment. The State's recommended sentence was based upon habitual criminal enhancement. There was extensive discussion concerning the "down time" on the charges, with breaks for appellant to confer with his attorneys. Following one such break, the prosecutor indicated on the record that appellant was charged with one Y and two D felonies, "with habitual criminal."

After those conferences, appellant personally agreed on the record to a sentence with the eight years down time the prosecutor had represented for the recommended sentences. The State then agreed to *nolle prosequi* an additional theft-by-receiving charge. The trial court, in accepting the plea, stated each sentence, and asked and received confirmation from defense counsel that each was correct. The court further confirmed with defense counsel and the prosecution that the twenty-four-year sentence was to run concurrently with the eleven-year sentence.

Counsel testified at the postconviction hearing that it was made clear to appellant that there was no guarantee that he would only be incarcerated for eight years, and that the discussions concerning a possibility of reduction in time served based on appellant's age, or the age-fifty-five rule, were as to eligibility for parole. Counsel testified he had discussed with appellant his reasons for believing this was a good plea, pointing out that appellant was facing a life sentence on the robbery charge, and counsel was satisfied appellant recognized that the proposed agreement was a good plea.

Appellant testified at the postconviction-relief hearing that he had not agreed to the down time, that he had agreed only to a "quarter date," that is, that he would be eligible for parole after one-quarter of either an eight or eleven years' sentence, based upon an application of the age-fifty-five rule, and that he did not know the actual sentence the prosecution would recommend until it was announced at the plea hearing. The trial court found that appellant understood the plea agreement and the sentence to be imposed.

The trial court clearly determined that appellant's testimony was not credible. Appellant's testimony shows that he has a good understanding of consecutive and concurrent sentences, the difference between the actual sentence and the down time discussed, and the age-fifty-five rule. Experience with the judicial system and a degree of sophistication in that regard are factors we consider when assessing whether a defendant is aware of the consequences of a guilty plea. *Peterson v. State*, 296 Ark. 324, 756 S.W.2d 897 (1988). With the record before us, we are satisfied that any deficiencies in substantial compliance with the Rule 24.5 requirement that the plea agreement be stated were overcome by the evidence presented in the postconviction-relief hearing concerning the information provided to appellant and appellant's knowledge and understanding of the sentencing range and actual plea agreement. We find no reversible error on this point.

Appellant asserts in his third point that postconviction relief should be granted because he was not asked to acknowledge his guilt or assent to the factual basis that was provided by the prosecutor. Rule 24.6 of the Arkansas Rules of Criminal Procedure provides that the trial court shall not enter a plea of guilty without making such inquiry as will establish that there is a factual basis for the plea. The rule is mandatory. *Reed v. State*, 276 Ark. at 321, 635 S.W.2d at 474. Appellant acknowledges that substantial compliance with Ark. R. Crim. P. 24.6 is sufficient, citing *Furr v. State*, 297 Ark. 233, 761 S.W.2d 160 (1988).

While it is the better practice to ask the accused if he committed the acts with which he is charged, failure to do so will not automatically result in setting aside a guilty plea. *Flaherty v. State*, 297 Ark. 198, 761 S.W.2d 167 (1988). Rule 24.6 contains no requirement that the accused be addressed personally. *Id.* at 199-200, 761 S.W.2d at 168. The requirement of a factual basis for a plea does not require that the appellant be proven guilty, but

merely that there was sufficient evidence from which the trial court could conclude that the appellant would be found guilty, if he elected to proceed to trial. *Knee v. State*, 297 Ark. 346, 760 S.W.2d 874 (1988). If the factual basis for the plea is not sufficiently established at the plea hearing, it may be established at the postconviction-relief hearing, where the factual basis is determined to have existed at the time of the guilty plea. *Id.*

Here, the prosecutor presented the factual basis to the court at the plea hearing and the appellant was not addressed. However, the evidence before the trial court at the postconviction-relief hearing clearly established that a factual basis did exist at the time of the guilty plea. The record reflects evidentiary hearings in the trial court prior to the plea hearing and testimony of trial counsel at the postconviction-relief hearing, which established that the prosecution would present a positive eyewitness identification and another witness, which was evidence sufficient to convict. Appellant contends the judgment should be void where the defendant was not asked if he agreed with the stated factual basis in circumstances where there is uncertainty concerning the defendant's capacity to enter a voluntary and knowing plea, where the court's advice as to possible penalties was not accurate, and where the defendant did not understand the sentence. However, we have already determined the trial court did not err in determining appellant had the capacity to enter the plea, and understood the sentence ranges and agreement. Thus, this argument has no merit.

Appellant's last point on appeal is that his sentencing under the habitual-offender-enhancement statute was void. Appellant raises three issues under this point. The first, that the State never amended the information to reflect the habitual offender charge, fails because the record has been supplemented with a previously omitted amended felony information that did charge the defendant under the habitual-offender statute. His second sub-point asserts that because the trial court failed to inform him of the full sentencing range, the effect of enhancement, and the effect of consecutive sentences, Ark. R. Crim. P. 24.4 requires the plea to be set aside. For his final sub-point, appellant argues that no factual basis was shown in the plea hearing for the application of the habitual offender enhancement.

We cannot agree with appellant's contention that his sentence was void. So long as the plea was intelligently and voluntarily entered, any error on the two sub-points would not require the sentence to be vacated.

Under Rule 24.4, the trial judge must personally address the accused and determine that he understands the nature of the charge, the mandatory minimum sentence, if any, the possible maximum sentence, the effect prior convictions or additional charges could have on the sentence, and that by pleading guilty or *nolo contendere*, he waives the right to a jury trial and to confront the witnesses. *Furr v. State*, 297 Ark. at 235-36, 761 S.W.2d 161. Here, appellant only challenges the trial court's compliance as to the sentences and the effect of prior convictions and additional charges.

Appellant was advised as to the possible sentences and understood the plea agreement, including the application of the habitual offender enhancement, before the plea was accepted. Appellant does not contest the existence of the prior convictions. From the testimony, the trial court had before it evidence that appellant was well aware of the maximum sentence on the highest level charge, the effect of his habitual criminal status on the sentencing ranges, and the possibility that the other shorter sentences could be run consecutively to the life sentence.

Compliance with Rule 24.4 is mandatory, but substantial compliance is sufficient. *Peterson v. State*, 296 Ark. at 326, 756 S.W.2d at 898. The polestar when a guilty plea is challenged is to determine whether the plea was made intelligently and voluntarily. *Id.* Here, the trial court did not err in determining that the plea was voluntary. Unless the plea was not intelligently and voluntarily entered as a result, failure to comply with Rule 24.4 is not such fundamental error so as to void the judgment and is not cognizable in a postconviction-relief proceeding. Postconviction relief under Ark. R. Crim. P. 37.1 is not available on issues which could have been raised in the trial court before sentencing, but were not, unless the issues are so fundamental as to render the judgment void. *Madewell v. State*, 290 Ark. 580, 720 S.W.2d 913 (1986).

The same is true for the failure to present a factual basis for the habitual criminal enhancement at the plea hearing. The court heard evidence regarding prior convictions in previous evidentiary hearings, and counsel testified that the defense team had certified copies of the convictions. There was substantial

compliance with Rule 24.4, and substantial, if not actual, compliance with Rule 24.6, should the latter rule apply to the enhancement statute. Habitual criminal enhancement does not constitute a separate offense. *Atkins v. State*, 287 Ark. 445, 701 S.W.2d 109 (1985). Rule 24.6 does not require any further factual basis for the charge in the case at hand. Appellant's conviction would not have been void, even were the State required to provide evidence at the plea hearing of the previous convictions and failed to do so. We cannot say the trial court's denial of postconviction relief was clearly against the preponderance of the evidence.

Affirmed.