2012 Ark. App. 183

**Daniel DORSEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–345.**

Court of Appeals of Arkansas.

Feb. 29, 2012.

Travis Allen Gray, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., by: Valerie Glover Fortner, Asst. Atty. Gen., Little Rock, for appellee

JOHN B. ROBBINS, Judge.

This is the third time appellant Daniel Dorsey's appeal from the revocation of his suspended imposition of sentence and resulting ten-year prison sentence has come before this court. In the first appeal, *Dorsey v. State,* 2010 Ark. App. 742, 2010 WL 4345681, appellant's counsel filed a no-merit brief, but we held that the brief was not in compliance with Arkansas Su-

preme Court Rules 4–2 and 4–3. Accordingly, we ordered appellant's counsel to file a substituted brief containing all adverse rulings and a substituted addendum containing all relevant pleadings and any additional documents necessary on appeal. Mr. Dorsey's counsel subsequently filed a substituted brief, but we again ordered re-briefing because the brief was still not in compliance with Rule 4–3(k)(1) because it failed to contain and adequately discuss all adverse rulings. *See Dorsey v. State*, 2011 Ark. App. 368, 2011 WL 1896718. After we delivered our second opinion, Mr. Dorsey's counsel failed to timely file a substituted brief as ordered, nor did he file a motion for extension of time to file the brief. Consequently, we issued a per curiam opinion, *Dorsey v. State*, 2011 Ark. App. 622, 2011 WL 4824322, wherein we removed appellant's original counsel and appointed substituted counsel so the appeal was no longer stalled.

In the third appeal now before this court, Mr. Dorsey's present counsel has submitted a merit brief. Mr. Dorsey argues on appeal that the trial court erred in denying his motion for directed verdict. Although couched in those terms, a review of both the record and appellant's brief demonstrates that Mr. Dorsey is actually asking this court to reverse and dismiss the judgment arising from his revocation because the record fails to show that he entered a voluntary guilty plea to the charge for which he received a suspended imposition of sentence. We agree, and we reverse.

On July 7, 1998, the trial court entered a judgment and commitment order reflecting a conviction for Class C felony possession of a controlled substance and a ten-year prison sentence. That judgment also showed that Mr. Dorsey entered negotiated guilty pleas to three Class D felonies: theft by receiving in case # 98–362, pos-

session of a prohibited weapon in case # 98–363, and felon in possession of a firearm in case # 98–364. For each of the Class D felonies, Mr. Dorsey received a six-year suspended imposition of sentence. The judgment also reflects a negotiated guilty plea in case # 98–365 to possession of a controlled substance with intent to deliver, a Class Y felony, for which Mr. Dorsey received a ten-year suspended imposition of sentence. It is this conviction and subsequent revocation that is at issue in this appeal.

After the July 7, 1998, judgment was entered, Mr. Dorsey served some of his ten-year prison sentence for the Class C felony conviction, and then he was paroled. Mr. Dorsey was arrested for new crimes on June 17, 2002, his parole was revoked based on the conduct that led to his arrest, and he was reincarcerated. The conduct that led to his arrest likewise was the basis for a petition to revoke the three six-year suspended sentences for the Class D felonies to which he previously pleaded guilty. After appellant was again released from prison, a revocation hearing was held and the trial court revoked the three six-year suspended sentences, and sentenced him to three concurrent six-year prison terms. Mr. Dorsey appealed from those revocations, and we affirmed the revocations and sentences in an unpublished opinion, *Dorsey v. State*, CACR03–1209, 2004 WL 2239813 (Ark.App. Oct. 6, 2004). Since then, Mr. Dorsey was again released from prison.

On August 28, 2007, the State filed a petition to revoke the ten-year suspended imposition of sentence associated with the Class Y felony offense of possession of a controlled substance with intent to deliver. The petition alleged multiple violations of Mr. Dorsey's conditions, including selling cocaine on three occasions in March 2007. After a revocation hearing, the trial court

found that Mr. Dorsey violated the conditions of his suspension by engaging in the sale of drugs. The trial court revoked Mr. Dorsey's suspended sentence and entered a judgment and commitment order sentencing him to ten years in prison, which Mr. Dorsey now appeals.

At the revocation hearing, the State produced a video recording demonstrating that, on March 5, 2007, Mr. Dorsey exchanged cocaine for cash with an undercover officer. Mr. Dorsey testified on his own behalf and denied selling any drugs, indicating that the person captured on the video recording was his twin brother. Moreover, Mr. Dorsey maintained in his testimony that when he pleaded guilty in July 1998, he was only pleading guilty to the three Class D felonies, and that he did not plead guilty to Class Y felony possession of a controlled substance with intent to deliver. He stated that the Class Y felony charge was supposed to have been nolle prossed and that "I pled guilty to three charges to get one dismissed."

Both prior to and at the close of the revocation hearing, Mr. Dorsey moved to dismiss the revocation petition on the basis that there was no record of him pleading guilty to Class Y felony possession of a controlled substance with intent to deliver in case # 98–365. The trial court denied these motions to dismiss, and in this appeal Mr. Dorsey argues that this was error.

The exhibits before the trial court showed that, on July 7, 1998, Mr. Dorsey signed a written guilty-plea statement listing case # s 98–362, 98–363, and 98–364, wherein he pleaded guilty to those three Class D felonies. However, the guilty plea statement contained no reference to case # 98–365 and did not indicate that Mr. Dorsey pleaded guilty to Class Y felony possession of a controlled substance with intent to deliver. A plea and sentence recommendation was signed by the prosecutor and Mr. Dorsey on the same day. However, that document provided that Mr. Dorsey was pleading guilty only to the three Class D felonies, for which the prosecutor recommended six-year suspensions. The plea-and-sentence recommendation referenced case # s 98–362, 98–363, and 98–364 in the heading of the document, and the provisions of the recommendation included a $450 public-defender fee and the handwritten notation, "Also includes payment for # 98–365." Two ledger sheets were introduced, and the first ledger sheet contained charges and balances against Mr. Dorsey that had accrued over the years and documented that the original revocation hearing date of November 19, 2007, had been continued until January 8, 2008. However, that ledger sheet only listed case # s 98–362, 98–363, and 98–364. The second ledger sheet was identical to the first except that it contained a list of events occurring after January 8, 2008, and on this ledger sheet case # 98–365 had been added.

On appeal, Mr. Dorsey contends that the record does not demonstrate that the trial court complied with Arkansas Rules of Criminal Procedure 24.4, 24.5, 24.6, or 24.7, or that he actually pleaded guilty in case # 98–365. These rules provide, in pertinent part:

**Rule 24.2. Advice by court.**

The court shall not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally, informing him of and determining that he understands:

(a) the nature of the charge;

(b) the mandatory minimum sentence, if any, on the charge;

(c) the maximum possible sentence on the charge, including that possible from consecutive sentences[.]

**Rule 24.5. Determining voluntariness of plea.**

The court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. The court shall determine whether the tendered plea is the result of a plea agreement. If it is, the court shall require that the agreement be stated. The court shall also address the defendant personally and determine whether any force or threats, or any promises apart from a plea agreement, were used to induce the plea.

**Rule 24.6. Determining accuracy of plea.**

The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

**Rule 24.7. Record of proceedings.**

The court shall cause a verbatim record of the proceedings at which a defendant enters a plea of guilty or nolo contendere to be made and preserved.

It is undisputed that there was no available record of any proceedings where Mr. Dorsey pleaded guilty.

Mr. Dorsey relies on *Reed v. State,* 276 Ark. 318, 635 S.W.2d 472 (1982), where the supreme court held that in the absence of the record required by Rule 24.7, the State has the burden of proving the plea was voluntarily and intelligently entered. The supreme court stated that the trial court's findings on this issue will not be reversed unless clearly against the preponderance of the evidence. *Id.* Furthermore, the supreme court held that compliance with Rule 24.5, which requires that the trial judge himself ascertain whether a plea of guilty is voluntary, and Rule 24.6, which requires that a factual basis for the plea be established, are mandatory. *Id.* It is the duty and responsibility of the trial court to determine beyond a doubt that a plea of guilty is voluntary, and in order to do so, it should inquire of the defendant personally, substantial compliance being sufficient. *Id.*

In *McDaniel v. State,* 288 Ark. 629, 708 S.W.2d 613 (1986), the supreme court held that before accepting a plea of guilty the trial court must first address the defendant personally, informing him of and determining that he understands the nature of the charge and, among other things, the mandatory minimum and possible maximum sentence. The trial court shall not enter a judgment upon a plea of guilty without making such inquiry as will establish that there is a factual basis for the plea. *Id.* In *McDaniel,* the supreme court held that where none of the information required to be conveyed to an accused was conveyed by addressing the defendant personally, and the court did not establish a factual basis for the plea, the case must be reversed. It is not enough that the prosecutor recite into the record the allegations against the accused; the trial court must ascertain from the accused whether he is pleading guilty because he believes he is in fact guilty. *Id.*

In *Jones v. State,* 288 Ark. 375, 705 S.W.2d 874 (1986), the supreme court found that the trial court substantially complied with Rule 24.6 where the trial court informed the defendant of the consequences of pleading guilty, inquired whether the plea was procured by threats or coercion, and asked the defendant if there was a factual basis for the plea. The supreme court also found sufficient compliance with the applicable rules of criminal procedure in *Simmons v. State,* 265 Ark. 48, 578 S.W.2d 12 (1979), where the record clearly supported the finding that the plea of guilty was not involuntary. The record

in that case showed that the defendant acknowledged both in writing and in open court that his plea was voluntary and that he was, in fact, guilty, and his attorney certified that he had carefully gone over the defendant's written plea with him, that he apparently understood it, and that his guilty plea was consistent with the facts related by the defendant. During the plea hearing in *Simmons,* upon questioning by the trial court, the defendant acknowledged in open court that he signed and understood the plea statement, that he had no questions whatsoever about the plea statement, and that he was pleading guilty because he was guilty.

In the case at bar, we hold that the trial court's finding that Mr. Dorsey voluntarily pleaded guilty to Class Y felony possession of a controlled substance with intent to deliver was clearly against the preponderance of the evidence. Nor was there any showing by the State that there was a factual basis for such a plea. The guilty plea statement signed by Mr. Dorsey indicated only that he was pleading guilty to the three Class D felonies, and there is no recording of any guilty plea made before the trial court as required by Rule 24.7. The State has failed in its burden of showing that a guilty plea to the Class Y felony, for which his suspended sentence was subsequently revoked, was voluntarily and intelligently entered.

The State argues that it met the burden established by *Reed, supra,* but we do not agree. The State notes that during the discussion of Mr. Dorsey's pretrial motion to dismiss, the prosecutor stated that he never offered to nolle pros any portion of the charges. However, statements and arguments of counsel are not evidence, *Durdin v. State,* 59 Ark.App. 207, 955 S.W.2d 912 (1997), and even if it is true that the State did not offer to nolle pros case # 98–365, this falls short of establishing a valid

guilty plea to that charge. The State further notes that the trial court stated at the hearing that it would not have documented the guilty plea had appellant not pleaded guilty, and that the judgment and commitment order reflects a negotiated plea of guilty to that offense. However, we deem neither of these factors sufficient to demonstrate that, upon personal inquiry by the trial court, Mr. Dorsey entered a voluntary guilty plea in conformance with the applicable requirements of our criminal procedure rules. Finally, the State notes that Mr. Dorsey did sign his written conditions of his suspended sentence, and that this document did reference a guilty plea in case # 98–365 along with the three Class D felonies. That document also indicated that a violation of his conditions could result in a prison sentence of ten to forty years. In our view this falls short of establishing a voluntary guilty plea to that offense where this was inconsistent with the written guilty plea, which was the document containing the applicable safeguards and an assertion by appellant that he voluntarily pleaded guilty and understood all of the information provided in the statement, as well as an assertion by his counsel that he had fully explained the contents of the statement to Mr. Dorsey. The written conditions contained no such assurances, and by signing that document Mr. Dorsey acknowledged only that he was advised of his conditions and understood the consequences of violating them.

On the record presented, when we view the totality of the circumstances, we cannot say with confidence that the State has met its burden of showing that Mr. Dorsey entered a voluntary and intelligent guilty plea to Class Y felony possession of a controlled substance with intent to deliver. Therefore, the ten-year suspended imposition of sentence imposed for that offense was invalid, and the subsequent revocation

and resulting prison sentence must be reversed.

Reversed and dismissed.

WYNNE and ABRAMSON, JJ., agree.