
SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-11-407

| | |
|---|---|
| | **Opinion Delivered**     September 5, 2013 |
| KRISTOPHER DEAN PARKER<br>APPELLANT | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT,<br>40LCV-10-114, HON. JODI RAINES<br>DENNIS, JUDGE |
| v. | |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | <u>AFFIRMED</u>. |

## PER CURIAM

In 2008, appellant Kristopher Dean Parker pled guilty to first-degree murder and kidnapping in the Greene County Circuit Court, and he was sentenced to life imprisonment. On September 20, 2010, appellant filed a petition for writ of habeas corpus in the Lincoln County Circuit Court, the county in which he was imprisoned.[1] In his petition, appellant alleged that his due-process rights were violated at his guilty-plea hearing based on the trial court's failure to comply with Rules 24.4, 24.5, and 24.6 of the Arkansas Rules of Criminal Procedure. The trial court dismissed the petition, and appellant brings this appeal. We find no error and affirm.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in

---

[1]At the time of this decision, appellant remains incarcerated in a prison facility in Lincoln County.

SLIP OPINION

a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant contends that at his plea hearing, the trial court violated certain court rules with regard to the negotiation and acceptance of guilty pleas, thereby violating his rights to procedural due process and losing jurisdiction to sentence him. Because his claims do not challenge the facial validity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, they are not cognizable in a petition for habeas corpus relief. *Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *Friend*, 364 Ark. 315, 219 S.W.3d 123; *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding). Although we treat allegations of void or illegal sentences as issues of subject-matter jurisdiction, the type of factual inquiry necessary for an issue that concerns the factual basis for a plea is one that goes beyond the face of the commitment and is not the kind of inquiry to be addressed by a proceeding for the writ. *Culbertson*, 2012 Ark. 112; *Skinner*, 2011

Ark. 383; *Friend*, 364 Ark. at 317, 219 S.W.3d at 125. Appellant failed to show that the judgment of conviction was facially invalid or that the trial court lacked jurisdiction; thus, the circuit court properly denied his petition for relief.

Appellant next claims that while a pretrial detainee being held in the Greene County Jail, he was placed in an isolation cell for 433 days, and that such isolation constituted cruel and unusual punishment that had a direct effect on his decision to enter a guilty plea to the charged crimes. Because appellant's contention does not call into question the facial validity of the judgment or the jurisdiction of the trial court, he fails to state a basis for a writ of habeas corpus to issue.

Because appellant has failed to show that the judgment of conviction was invalid on its face or that the circuit court lacked jurisdiction, the trial court properly determined that the writ should not issue. Thus, we affirm the denial of appellant's petition.

Affirmed.

*Kristopher Dean Parker*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.