

# SUPREME COURT OF ARKANSAS

### No. CV-11-363

| | | |
|---|---|---|
| | | **Opinion Delivered**    September 5, 2013 |
| JAMES K. HAYNES | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT, 35CV-10-663, HON. JODI RAINES DENNIS, JUDGE |
| v. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | APPELLEE | AFFIRMED. |

## PER CURIAM

Appellant James K. Haynes appeals the denial of his pro se petition for writ of habeas corpus filed in Jefferson County Circuit Court. We find no error and affirm the order denying relief.

Appellant is incarcerated in the Jefferson County on a conviction for rape and residential burglary, serving an aggregate sentence of life plus forty years.[1] In the petition for the writ, appellant challenged the judgment by alleging that the trial court lacked jurisdiction to impose his sentence. The basis appellant asserted for the lack of jurisdiction was that the presiding judge had previously represented appellant in another matter. Appellant alleged that presiding in his case was a constitutional violation, that the judge was biased, and that the prior representation created a conflict that required the judge to recuse.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam). Here, the circuit court found that

---

[1] Appellant appears to also be incarcerated on another conviction, which is not at issue here.

the allegations in the petition did not demonstrate that the trial court lacked jurisdiction or that his commitment order was invalid on its face, and that the petition failed to state a claim upon which relief could be granted. Those findings were not clearly erroneous.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Bryant v. May*, 2013 Ark. 168 (per curiam). The burden is on the petitioner in a proceeding for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. *Id.*; Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006).

Although appellant framed his claim of judicial misconduct as a matter of jurisdiction, it is not. Appellant did not allege that the court lacked subject-matter jurisdiction, and the claim is not one that would render the sentence void or illegal. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Allegations of conflict of interest or judicial misconduct are assertions of trial error that are not cognizable in proceedings for the writ. *Murphy v. State*, 2013 Ark. 155 (per curiam); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). The circuit court therefore correctly determined that the petition did not state a claim upon which relief could be granted.

Affirmed.

*James K. Haynes*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.