SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-11-731

| | |
|---|---|
| MARION WAYNE McVANE <br> APPELLANT <br><br> V. <br><br> RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION <br> APPELLEE | **Opinion Delivered** September 19, 2013 <br><br> PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT, 40LCV-11-29, HON. JODI RAINES DENNIS, JUDGE <br><br> AFFIRMED. |

## PER CURIAM

In 2009, appellant Marion Wayne McVane entered a plea of guilty to aggravated robbery. He was sentenced as a habitual offender to 120 months' imprisonment.

In 2011, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, located in the county where he was in custody.[1] In the petition, appellant alleged that the judgment-and-commitment order in his case was invalid because the trial court failed to comply with Rules 24.4, 24.5, and 24.6 of the Arkansas Rules of Criminal Procedure. The circuit court dismissed the petition, and appellant brings this appeal. We find no error and affirm the order.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the

---

[1]As of the date of this decision, appellant remains incarcerated in Lincoln County.

SLIP OPINION

commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity of the commitment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for pursuing postconviction relief under Arkansas Rule of Criminal Procedure 37.1. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant contended that the trial court at his plea hearing violated certain court rules with regard to the acceptance of guilty pleas, thereby violating his rights to procedural due process and losing jurisdiction to sentence him. Because his claims did not challenge the facial validity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for the writ to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *Friend*, 364 Ark. 315, 219 S.W.3d 123; *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding).

Although we treat allegations of void or illegal sentences as issues of subject-matter jurisdiction, the type of factual inquiry necessary for an issue that concerns the factual basis for a plea is one that goes beyond the face of the commitment and is not the kind of inquiry to be addressed by a proceeding for the writ. *Culbertson*, 2012 Ark. 112; *Skinner*, 2011 Ark. 383; *Friend*,

364 Ark. at 317, 219 S.W.3d at 125. Appellant failed to show that the judgment of conviction was facially invalid or that the circuit court lacked jurisdiction; thus, the trial court properly declined to issue a writ of habeas corpus to effect his release from custody. Accordingly, the order is affirmed.

Affirmed.

*Marion Wayne McVane*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.

SLIP OPINION