Robin F.. Wynne, Justice, dissenting. I do not believe that the circuit court’s decision to deny appellant’s petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure was clearly erroneous. Accordingly, I dissent. As the majority states, in order to prevail on a claim of ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2062, 80 L.Ed.2d, 674 (1984), the petitioner must- demonstrate (1) deficient performance by counsel and (2) prejudice resulting from the deficient performance. To demonstrate. prejudice where a plea offer has lapsed or been rejected because of counsel’s deficient performance, a petitioner must show a reasonable probability both that the plea offer would have been accepted had counsel communicated the offer and that the plea would have been entered without the prosecution’s canceling it or the | atrial court’s refusal to accept it. Missouri v. Frye, — U.S. - — , 132 S.Ct. 1399, 1402-03, 182 L.Ed.2d 3.79 (2012). Thus, a petitioner must demonstrate that but for counsel’s deficient performance, the result of the proceedings would have been different. Id. at 1410. Allegations of ineffective assistance of counsel in the context of plea negotiations must establish some direct correlation between counsel’s deficient behavior and the decision regarding the plea. See Pennington v. State, 2013 Ark. 39 (per curiam). Here, appellant failed to demonstrate prejudice as a result of the performance of Mark Fraiser, his counsel at trial. Appellant testified at the hearing on the petition that he would have taken the plea offer if it would have been properly explained to him. Fraiser testified that appellant was not inclined to accept an offer because he believed he was innocent and that appellant never indicated he would take a deal that involved more than probation. The trial court is in the best position to resolve any conflicts in testimony. Pardue v. State, 363 Ark. 567, 571, 215 S.W.3d 650, 655 (2005) (per curiam). The judge at a postconviction-relief hearing is not required- to believe the testimony of any witness, particularly that of the accused. Id. Hebe, the circuit court was faced with conflicting testimony and, in denying appellant’s 'claim for relief, resolved that conflict in favor of his attorney. Regarding the motion to suppress issue, appellant never testified at the hearing on his motion that the defense led him to reject the plea offer. The circuit court heard the evidence, weighed the evidence, and determined that appellant had failed to carry his burden to establish ineffective assistance of counsel. When reviewing a decision of a trial court to1 deny relief on the issue of whether counsel’s ^representation was effective, this court has held that it will reverse the trial court’s decision granting or'denying postconviction relief only when that decision is clearly erroneous. Hooks v. State, 2015 Ark. 258, at 3,465 S.W.3d 416, 419.. I cannot say that this decision was clearly erroneous. For these reasons, I dissent. Brill, C.J., and Goodson, J., join.